73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John R. HALL, Plaintiff--Appellant,
v.
George E. SULLIVAN, Mohammed Kharrubi, Thomas Cooper, Jill
Nielson, John O' Flynn, Merton Cox, Defendants--Appellees.
 No. 95-1203.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying appellant John Hall's motion for a temporary restraining order or preliminary injunction. Hall claims he has a constitutional right to separate meetings of his Islamic sect, and to access to specific literature related to his religious practice. Adopting the recommendations of the magistrate judge, the district court found that Hall failed to show a substantial likelihood that he would prevail on the merits of his claims. Hall appeals on the ground that the district court erred in refusing to grant the restraining order or preliminary injunction. We affirm.
 
 
 3
 Hall brought this action pursuant to 42 U.S.C.1983 claiming that the Colorado Department of Corrections infringed his First Amendment right to free exercise of his religion when it refused to provide separate meetings for various Islamic groups at its correctional facilities. Mr. Hall further alleges that the Department's screening practices and procedures infringe his First Amendment rights, because the Islamic materials specified on the list of approved religious materials for inmates are not satisfactory. Hall further alleges that the Department of Corrections has substantially burdened the practice of his religion in violation of the Religious Freedom Restoration Act. 42 U.S.C.2000bb-2000bb-4.
 
 
 4
 Regulation 800-8 governs Islamic religious practices at the Arkansas Valley Correctional Facility ("AVCF"). This regulation was approved by the district court in Colorado in Muslim Community v. Department of Corrections, No. 90-M-145 (D.Colo. December 7, 1992). In that case the district court held that AVCF officials are not constitutionally required to provide for separate meetings of various Islamic groups at a correctional facility so long as the facility makes available some separate Islamic services to accommodate Islamic inmates. The Martinez report in this case makes clear that such separate services have been established at the facility where appellant is incarcerated. Hall has no constitutional right to additional separate prayer meetings. Prison officials are not required to employ clergy from every religion to accommodate the religious preferences of each inmate at a particular facility. Werner v. McCotter, 49 F.3d 1476, 1480 (10th Cir.1995). As long as the correctional facility provides some alternative religious services for those Islamic inmates who do not adhere to the majority Sunni Muslim practices, appellant's constitutional rights have not been violated, and the prison has not unreasonably burdened the practice of appellant's religion under the Religious Freedom Restoration Act.
 
 
 5
 The record is clear in this case that Islamic inmates may purchase religious materials by mail from a list of approved sources. Hall alleges that none of these sources provides satisfactory Nation of Islam materials for Black Muslim inmates. In addition, Hall contends that he requested that the facility add the Nation of Islam to the approved list of vendors, and that Nation of Islam has not been added to that list. Hall has pointed to no specific religious literature or material that is so significant to the practice of his religion that deprivation of it burdens his free exercise right. Hall has also failed to show that necessary materials cannot be obtained from the list of approved vendors. The focus of an inquiry regarding violation of First Amendment rights or the Religious Freedom Restoration Act is on the materials sought by inmates rather than on approved vendors.
 
 
 6
 In order to prevail on the merits of the motion for a preliminary injunction or temporary restraining order, appellant must show a substantial likelihood that he will prevail on the merits and that he will suffer irreparable or immediate injury. Walmer v. United States Dep't of Defense, 52 F.3d 851, 854 (10th Cir.1995), cert. denied, 64 U.S.L.W. 3343 (U.S. Nov. 13, 1995)(No. 95-230). We agree with the district court that appellant has failed to make either showing in this case. We affirm for substantially the reasons given by the magistrate judge and adopted by the district court.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470