**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE BROADNAX,

    Plaintiff-Appellant,

BRYAN DALE NEWTON; JAMES MOORE;
JAMES VOSS; JACK ADARGO,

    Plaintiffs,

v.

UNITED STATES PAROLE COMMISSION;
FEDERAL BUREAU OF PRISONS,

    Defendants-Appellees.

No. 96-6161
(D.C. No. CIV-96-189)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Lawrence Broadnax, appearing *pro se*, appeals the district court's order of April 24, 1996, denying his motion for a preliminary injunction.

On February 5, 1996, Mr. Broadnax and four other inmates (collectively referred to as "Plaintiffs") awaiting parole revocation hearings at the Federal Transfer Center in Oklahoma City, Oklahoma, filed this civil rights action pursuant to 28 U.S.C. § 1331 challenging the continued existence of the United States Parole Commission (Parole Commission). On February 20, 1996, Plaintiffs filed motions for a hearing before a three-judge panel, class certification, and a preliminary injunction.

Plaintiffs requested a preliminary injunction to prevent the United States Parole Commission from violating their due process and equal protection rights. Specifically, Plaintiffs requested the Parole Commission be prevented from: (1) refusing to follow Congressional mandates; (2) transfering parole violators to Oklahoma for revocation hearings; (3) conducting revocation hearings without qualified examiners; (4) requiring parole violators to conduct their legal research in the Federal Detention Center's inadequate law library; (5) unfairly restricting retained counsels' access to parole violators compared to the access afforded the Federal Public Defenders; (6) preventing parole violators from reviewing their

Central Files and other pertinent documents prior to their revocation hearings; (7) refusing to afford HIV positive parole violators access to appropriate medical care; (8) refusing to afford translators and bilingual hearings for Spanish speaking parole violators; (9) transfering parole violators from Hawaii; (10) refusing to wind up its business as Congressionally mandated; and (11) continuing to utilize outdated rules and procedures.

On March 19, 1996, the Magistrate Judge issued a Report and Recommendation recommending the district court deny Plaintiffs' motion for a preliminary injunction. The Magistrate Judge found Plaintiffs failed to demonstrate their entitlement to a preliminary injunction. Specifically, the Magistrate Judge concluded Plaintiffs failed to demonstrate the Parole Commission would not be substantially harmed, the granting of the motion was consistent with public policy, or a strong likelihood of success on the merits. In addition, the Magistrate Judge found Plaintiffs did not seek to maintain the status quo pending a determination on the merits, but sought to use the preliminary injunction as a vehicle to effect the remedies sought in the complaint.

On April 24, 1996, the district court considered the Magistrate Judge's Report and Recommendation *de novo*. The district court concurred in the

Magistrate Judge's findings and conclusions, adopted the Report and Recommendation, and denied Plaintiffs' motion for a preliminary injunction.

On appeal, Mr. Broadnax[1] contends the district court erred in denying the motion for a preliminary injunction based on Fed. R. Civ. P. 23(b)(2) and in adopting the Magistrate Judge's Report and Recommendation. Mr. Broadnax asserts (1) preliminary injunctive relief could not be denied under Rule 23(b)(2) because it was so "inextricably interwoven with the Class Certification Motion" the district court could not rule on one motion without ruling on the other; and (2) the Magistrate Judge's Report and Recommendation was clearly erroneous.

We review the district court's denial of a preliminary injunction for abuse of discretion, which occurs only when the district court bases its decision on erroneous conclusions of law or where there is no rational basis in the evidence for the district court's decision. *Chemical Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1489 (10th Cir. 1997). To establish entitlement to a preliminary injunction, the moving party must show (1) he will suffer irreparable injury if an injunction is not granted; (2) the threatened

---

[1] On March 5, 1996, this court dismissed Mr. Broadnax's co-plaintiffs for failure to prosecute the appeal.

injury to the moving party outweighs any injury the requested injunction may cause the nonmoving party; (3) the injunction would not be detrimental to the public interest; and (4) a substantial likelihood the moving party will succeed on the merits. *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir.), *cert. denied*, 116 S. Ct. 474 (1995).

After a careful review of the record, we conclude the district court did not commit error of law or abuse its discretion in finding Mr. Broadnax failed to establish the necessary requirements for a preliminary injunction. First, the district court applied the correct standard of law for a preliminary injunction. Second, the record demonstrates Mr. Broadnax failed to present sufficient evidence showing the following: irreparable injury absent a preliminary injunction; his threatened injury outweighs the potential injury to the Parole Commission; the preliminary injunction is not adverse to the public interest; or there is a substantial likelihood he will prevail on the merits. Therefore, the district court did not abuse its discretion in denying Mr. Broadnax a preliminary injunction.

Additionally, Mr. Broadnax's argument under Rule 23(b)(2) is without merit. Fed. R. Civ. P. 23(b)(2) provides an action may be maintained as a class

action if all the requirements of subsection (a) are met and the party opposing the class has made *final* injunctive relief appropriate. Fed. R. Civ. P. 23(b)(2) (emphasis added). In this appeal, we are concerned with *preliminary* injunctive relief only, not *final* injunctive relief. Therefore, by its own language Rule 23(b)(2) clearly does not apply.

Accordingly, we **AFFIRM** substantially for the reasons stated in the Magistrate Judge's Report and Recommendation of March 19, 1996, and the district court's Order of April 24, 1996.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge