Terry WEST, individually and as
guardian of T.W., and T.W.,
a minor, Plaintiffs,

v.

DERBY UNIFIED SCHOOL DISTRICT
# 260, Defendant.

No. 98–1163–WEB.

United States District Court,
D. Kansas.

May 21, 1998.

Jason M. Sneed, Lathrop & Gage L.C., Overland Park, KS, for Terry West, plaintiff.

M. Kathryn Webb, Shari Renee Lyne Willis, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, Jeff L. Griffith, Jerry L. Griffith, Griffith & Griffith, Derby, KS, for Unified School District 260, defendant.

William P. Tretbar, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Wichita Eagle and Beacon Publishing Company, Julie Mah, movants.

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

This matter came before the court on May 18, 1998, for a ruling on plaintiffs' motion for a temporary restraining order. (Doc. 3). The court orally denied the request for TRO at a hearing on May 18th and scheduled an evidentiary hearing on plaintiffs' request for a preliminary injunction. This written memorandum will supplement the court's previous oral ruling on the motion for TRO. It will

also supplement the court's oral ruling granting plaintiffs' motion for continuance filed May 19, 1998.

*Background.*

This case was initiated on May 13, 1998, by the filing of a complaint by plaintiffs Terry West and T.W., a minor. According to the complaint, plaintiff T.W. is a seventh-grade student in the Derby Middle School, a school operated by the defendant Derby Unified School District # 260. The dispute concerns the District's "Racial Harassment or Intimidation" policy, which was adopted by the Board of Education of USD 260, and which applies to all students in the district. The policy provides in part:

> Student(s) shall not racially harass or intimidate another student(s) by name calling, using racial or derogatory slurs, wearing or possessing items depicting or implying racial hatred or prejudice. Students shall not at school, on school property or at school activities wear or have in their possession any written material, either printed or in their own handwriting, that is racially divisive or creates ill will or hatred. (Examples: clothing, articles, material, publications or any item that denotes Ku Klux Klan, Aryan Nation—White Supremacy, Black Power, Confederate flags or articles, Neo–Nazi or any other "hate" group. This list is not intended to be all inclusive.)

According to the complaint, on April 14, 1998, at the request of a classmate during his math class at Derby Middle School, T.W. drew a small picture of a Confederate flag on the back of a piece of paper belonging to T.W. Plaintiff alleges that T.W. did not show the picture to anyone except the student who had requested that he draw it. Plaintiff further alleges that T.W. did not use the picture to harass or intimidate anyone. According to the complaint, the classmate took the drawing from T.W. and gave it to the math instructor, who later that day gave it to a school administrator.

The next day, T.W. was called into the office of Brad Kerns, the assistant principal, to discuss the picture. In that meeting, Kerns allegedly informed T.W. that he had violated the district's Racial Harassment or Intimidation policy. T.W. was then suspended from school for the rest of that day and the following three school days.

Plaintiffs allege that neither T.W. nor his parents were given written notice of a hearing by the District to dispute or discuss the charges against him, and that no formal hearing was held.

Plaintiffs allege that T.W.'s possession of the picture did not in any way substantially disrupt or interfere with the operation of the school.

Plaintiffs further allege that the defendant subsequently issued a press release that improperly disclosed educational information relating to T.W.

The complaint claims the defendant's actions deprived the plaintiffs of the following rights: the right to free speech under the First and Fourteenth Amendments to the Constitution; the right to equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments; the right not to be deprived of property without due process of law as guaranteed by the Fifth and Fourteenth Amendments; and the rights granted by the Family Educational Rights and Privacy Act of 1974.

The relief requested in the complaint includes the following: a declaration of the rights of the parties; an injunction of defendant's alleged interference with plaintiffs' right of free speech; an injunction prohibiting the defendant from enforcing its Racial Harassment policy or any policy interfering with plaintiffs' right to free speech; an injunction removing from T.W.'s school records any reference to the incident; and costs and attorneys fees.

*Motion for TRO and Preliminary Injunction.*

Plaintiffs' motion for a temporary restraining order and preliminary injunction sought an order from the court preventing the defendant from enforcing its Racial Harassment or Intimidation policy or any policy interfering with plaintiffs' right to free speech.

A temporary restraining order is an emergency remedy which may only issue in exceptional circumstances and only until

the court can hear arguments or evidence on the subject matter of the controversy. A preliminary injunction is an order issued after notice and hearing which restrains a party pending a trial on the merits. Each of these "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 117 S.Ct. 1865, 1867, 138 L.Ed.2d 162 (1997).

 In order to obtain a temporary restraining order or a preliminary injunction, the plaintiff must establish: (1) that he will suffer an irreparable injury absent an injunction; (2) that the threatened injury outweighs the harm an injunction may cause the opposing party; (3) that an injunction would not be adverse to the public interest; and (4) that he is substantially likely to prevail on the merits. *State of Utah v. Babbitt,* 137 F.3d 1193, 1200 n. 7 (10th Cir.1998). If the movant has satisfied the first three requirements, he may establish the "likelihood of success" requirement by showing there are questions going to the merits so serious or doubtful as to make the issues ripe for litigation and deserving of more deliberate investigation. *Walmer v. U.S. Dept. of Defense,* 52 F.3d 851, 854 (10th Cir.1995).

 The court finds that the application for a temporary restraining order should be denied. In the materials presented to the court, no persuasive showing has been made that plaintiff will suffer irreparable harm if an immediate injunction is not granted. Furthermore, plaintiff has failed to show that the threatened injury to him outweighs the harm an injunction may cause the opposing party. The potential for harm to the school district from being unable to enforce its racial harassment policy outweighs the potential for harm to the plaintiff from having to wait for a ruling by the court on whether the current policy is constitutional and whether T.W.'s rights were violated. In this regard, the court notes that T.W.'s suspension has already been served and there is no real threat of imminent harm to him if an injunction is not immediately granted. The court can determine the appropriateness of any injunctive relief after the evidence is presented and the facts are determined.

*Plaintiffs' Motion for Continuance.*

As the parties are aware, the court previously scheduled an evidentiary hearing for May 20, 1998, to determine plaintiffs' request for a preliminary injunction. On May 19, 1998, plaintiffs filed by fax a motion for continuance of this hearing. Among other things, plaintiffs cited a need for more time to address issues raised in defendant's response to the motion. The court discussed these issues with counsel for the parties during a conference call on May 19, 1998.

Under the circumstances, the court granted plaintiffs' motion for a continuance of the hearing. By agreement of the parties, the plaintiffs' request for preliminary injunction will be consolidated with their request for permanent injunction, and all issues raised by the complaint will now be set for trial on the merits to begin on July 21, 1998, at 9:30 a.m.

Counsel for the parties are directed to confer with one another and to submit a proposed Pretrial Order to the court by June 5, 1998.

*Conclusion.*

Plaintiffs' Motion for a Temporary Restraining Order is DENIED. Plaintiffs' Motion for Continuance of the Preliminary Injunction Hearing is GRANTED. Plaintiffs' Motion for Preliminary Injunction is hereby consolidated with their claims for permanent injunction and other relief, and is set for trial to the court on July 21, 1998, at 9:30 a.m.