Patrick **ZIDON**, Plaintiff,

v.

Linda **PICKRELL**, Defendant.

No. A1–04–113.

United States District Court,
D. North Dakota,
Southwestern Division.

Sept. 29, 2004.

Rodney E. Pagel, Pagel Weikum, PLLP, Bismarck, ND, for plaintiff.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

HOVLAND, Chief Judge.

The plaintiff, Patrick Zidon, initiated the above-entitled action on September 21, 2004, alleging that the defendant, Linda Pickrell, posted defamatory statements on www.patrickzidon.com, an Internet website she had designed. On September 27, 2004, Zidon filed a Motion for Injunction and/or Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure to (1) shutter Pickrell's website; (2) prevent Pickrell from "sharing" the website with others; and (3) prevent Pickrell from publishing and distributing materials referencing Zidon in a derogatory manner. The Court construes Zidon's motion to include requests for an ex parte temporary restraining order and preliminary injunction.

## I. BACKGROUND

The plaintiff, Patrick Zidon, is a North Dakota resident. The defendant, Linda Pickrel, is a resident of Colorado. Zidon and Pickrell cultivated a romantic relationship after meeting online in September 2000. Zidon ended the relationship in March 2004. Zidon, in a complaint filed on September 21, 2004, alleged that Pickrell created a website (www.patrickzidon.com) following their breakup, where she posted defamatory statements. In addition, Zidon alleges Pickrell e-mailed a link to the website to persons in the Bismarck area as well as the public at large. Zidon claims to have suffered damage to his reputation, emotional pain, mental distress, humiliation, and other non-economic damages as a result of Pickrell's actions.

## II. LEGAL DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure addresses the subject of temporary restraining orders and provides in relevant part as follows:

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

This Court is cognizant of the federal aversion to granting ex parte temporary restraining orders. It is well-es-

tablished under federal law that a temporary restraining order is an emergency remedy which should only be issued in exceptional circumstances. The United States Supreme Court has recognized that a temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997); *West v. Derby Unified School Dist. No. 260,* 23 F.Supp.2d 1220, 1221 (D.Kan. 1998). It is only on rare occasions that an ex parte temporary restraining order is proper and then such "orders should be limited to preserving the status quo only for so long as is necessary to hold a hearing." *First Technology Safety Systems, Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir.1993) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)). Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order may only be granted if it clearly appears from specific facts shown in affidavit(s) or by a verified complaint that "immediate and irreparable injury, loss, or damage will result."

■ The Court recognizes that ex parte temporary restraining orders are necessary in certain circumstances. However, under federal law such orders should be restricted to serving their underlying purpose of preserving the status quo and preventing "immediate and irreparable injury, loss, or damage" so long as is necessary to hold a hearing.

The crux of Zidon's request for injunctive relief appears to be the risk of further damage to his reputation. Zidon has not elaborated on other damages he stands to incur as a result of Pickrell's actions. The Court concludes that the plaintiff has failed to establish the existence of an "immediate and irreparable injury, loss, or damage." A temporary restraining order is an extraordinary and drastic remedy to be issued only in exceptional circumstances. There has not been such a clear showing made in this case. In addition, Zidon has not certified to the Court "the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. Pro. 65(b)(2). Consequently, the Court finds that Zidon has not set forth a sufficient factual or legal basis for the issuance of an ex parte temporary restraining order. The movant (Zidon) has failed to carry the burden of persuasion and has failed to demonstrate that exceptional circumstances exist to justify such an extraordinary remedy.

The Court will reserve ruling on Zidon's request for a preliminary injunction until Pickrell has had an opportunity to submit a response. There is no indication in the record that Pickrell has been served with the summons and complaint or any other pleadings to date. Pickrell shall have ten (10) days upon service and receipt of Zidon's motion to file a response. Upon receipt of a response from Pickrell, the Court will give consideration to scheduling a hearing to address the issues raised in the motion seeking injunctive relief. The parties are specifically instructed to address the Dataphase criteria that this Court must consider in determining whether a preliminary injunction should be issued. See *Dataphase Systems, Inc. v. CL Systems, Inc.,* 640 F.2d 109, 114 (8th Cir.1981) (en banc).

## III. CONCLUSION

Zidon's Motion for an Injunction (Docket No. 3) is DENIED. The Court will reserve ruling on Zidon's request for a preliminary injunction pending receipt of a response from Pickrell. Pickrell shall

have ten (10) days from the date of service and receipt of Zidon's motion to file a response.

IT IS SO ORDERED.