KELLY, Circuit Judge,
concurring in part and dissenting in part.
I concur with the court’s result that Plaintiffs have standing to challenge the provisions at issue,[1] that the Salt Lake County Clerk, Governor, and Attorney General were proper Defendants, and that the appeal may proceed despite the absence of the Salt Lake County Clerk. I disagree with this court’s conclusions that (1) Baker v. Nelson, 409 U.S. 810, 93 S.Ct. 37, 34 L.Ed.2d 65 (1972), need not be followed and that (2) the liberty guaranteed by the Fourteenth Amendment includes a fundamental right which requires Utah to extend marriage to same-gender couples and recognize same-gender marriages from other states. Because I conclude that there is no such fundamental right, it is unnecessary to consider whether Utah’s justifications for retaining its repeatedly-enacted concept of marriage pass heightened scrutiny. In my view, the provisions should be analyzed under traditional equal protection analysis and upheld as rationally related to (1) responsible procreation, (2) effective parenting, and (3) the desire to proceed cautiously in this evolving area.
“Same-sex marriage presents a highly emotional and important question of public policy — but not a difficult question of con *1231 stitutional law,” at least when it comes to the States’ right to enact laws preserving or altering the traditional composition of marriage. See United States v. Windsor, — U.S. -, 133 S.Ct. 2675, 2714, 186 L.Ed.2d 808 (2013) (Alito, J., dissenting). The Constitution is silent on the regulation of marriage; accordingly, that power is reserved to the States, albeit consistent with federal constitutional guarantees. See Windsor, 133 S.Ct. at 2691-92. And while the Court has recognized a fundamental right to marriage, every decision vindicating that right has involved two persons of the opposite gender. Indeed, the Court has been less than solicitious of plural marriages or polygamy.
If the States are the laboratories of democracy, requiring every state to recognize same-gender unions — contrary to the views of its electorate and representatives — turns the notion of a limited national government on its head. See Bond v. United States, — U.S. -, 131 S.Ct. 2355, 2364, 180 L.Ed.2d 269 (2011) (explaining that federalism allows for state responses instead of relying upon the eventuality of a federal policy). Marriage is an important social institution commonly understood to protect this and future generations. That states sincerely differ about the best way to do this (including whether to extend marriage to same-gender couples) is inevitable. See id.; Utah Code §§ 30-1-1, -2. And given the recent advent of same-gender marriage, Windsor, 133 S.Ct. at 2689, it is hardly remarkable that a state might codify what was once implicit. For the following reasons, I respectfully dissent.
A. Baker v. Nelson
The starting point for a claim that same-gender marriage is required by the Constitution must be the Constitution. Because the Constitution does not speak to the issue of same-gender marriage — or marriage at all — the next step is to review the Supreme Court’s decisions on the issue. And on the question presented here, the Supreme Court has already spoken. In Baker v. Nelson, the Court dismissed an appeal asking whether the Constitution forces a state to recognize same-gender marriage “for want of a substantial federal question.” 409 U.S. 810, 93 S.Ct. 37, 34 L.Ed.2d 65 (1972). That dismissal should foreclose the Plaintiffs’ claims, at least in this court.
The petitioners in Baker argued that Minnesota’s marriage scheme violated due process and equal protection. Jurisdictional Statement, No. 71-1027, at 3-19 (Oct. Term 1972). The Minnesota Supreme Court unambiguously rejected the notion that same-gender marriage was a fundamental right, interpreting Loving v. Virginia as resting upon the Constitution’s prohibition of race discrimination. Baker v. Nelson, 291 Minn. 310, 191 N.W.2d 185, 187 (1971). Absent irrational or invidious discrimination, a “theoretically imperfect” marriage classification does not offend equal protection or due process under the Fourteenth Amendment. Id. The import of Baker to this case is clear: neither due process nor equal protection bar states from defining marriage as between one man and one woman, or require states to extend marriage to same-gender couples.
A summary dismissal is a merits determination and a lower federal court should not come to an opposite conclusion on the issues presented. Mandel v. Bradley, 432 U.S. 173, 176, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977) (per curiam). The district court relied upon a statement in Hicks v. Miranda that a question remains unsubstantial unless “doctrinal developments” may suggest otherwise. 422 U.S. 332, 344, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). On this point, Miranda held that a summary dismissal could not be disregarded. Id. at 344-45, 95 S.Ct. 2281. Were there any *1232 doubt, the “doctrinal developments” exception was followed by a statement that summary decisions are binding on lower courts until the Court notifies otherwise. Id.
The rule is clear: if a Supreme Court case is directly on point, a lower federal court should rely on it so the Supreme Court may exercise “the prerogative of overruling its own decisions.” Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). The Supreme Court is certainly free to re-examine its precedents, but it discourages lower courts from concluding it has overruled earlier precedent by implication. Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (reaffirming Rodriguez de Quijas). The majority construes the unequivocal statement in Rodriguez de Quijas (and presumably Agostini) as inapplicable because it appeared in a merits disposition and accordingly did not “overrule” the “doctrinal developments rule” as to summary dispositions. But that is just another way of stating that a summary disposition is not a merits disposition, which is patently incorrect. Though the Supreme Court may not accord Baker the same deference as an opinion after briefing and argument, it is nonetheless prece-dential for this court. Caban v. Mohammed, 441 U.S. 380, 390 n. 9, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979). Summary dismissals are merits rulings as to those questions raised in the jurisdictional statement. Washington v. Confederated Bands & Tribes of the Yakima Indian Nation, 439 U.S. 463, 476 n. 20, 99 S.Ct. 740, 58 L.Ed.2d 740 (1979).
Plaintiffs argue that Baker did not address the precise issues here because “[t]he judgment affirmed in Baker addressed whether same-sex couples were denied equal protection and due process by Minnesota’s marriage statute — a measure that did not indicate on its face whether same-sex couples could marry and that had not been enacted for the express purpose of excluding same-sex couples from marriage.” Aplee. Br. 23. They further argue that Utah’s non-recognition of Plaintiffs Archer and Call’s Iowa marriage distinguishes this case from Baker. Neither reason is persuasive. The fact remains that the Minnesota Supreme Court interpreted the state statute (at the time) to not require same-gender marriage and decided largely the same federal constitutional questions presented here. To the extent there is no right to same-gender marriage emanating from the Fourteenth Amendment, a state should not be compelled to recognize it. See Utah Code § 30-1-4(1) (declining to recognize foreign same-gender marriages).
Regardless, subsequent doctrinal developments have not undermined the Court’s traditional deference to the States in the field of domestic relations. To be sure, the district court concluded otherwise based upon the following Supreme Court developments: (1) gender becoming a quasi-suspect class, Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), (2) invalidation of a state law repealing and barring sexual-orientation protection, Romer v. Evans, 517 U.S. 620, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996), (3) invalidation of a statute that proscribed same-gender sexual relations insofar as private conduct among consenting adults, Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), (4) declaring the Defense of Marriage Act’s (“DOMA”) definition of “marriage” and “spouse” to exclude same-gender marriages as violative of Fifth Amendment due process and equal protection principles, United States v. Windsor, — U.S. -, 133 S.Ct. 2675, 186 L.Ed.2d 808 (2013). Kitchen v. Herbert, 961 F.Supp.2d 1181, 1194-95 (D.Utah *1233 2013). This court relies on Lawrence and Windsor as justification for not deferring to Baker. As discussed below, none of these developments can override our obligation to follow (rather than lead) on the issue of whether a state is required to extend marriage to same-gender couples. At best, the developments relied upon are ambiguous and certainly do not compel the conclusion that the Supreme Court will interpret the Fourteenth Amendment to require every state to extend marriage to same-gender couples, regardless of contrary state law. See Massachusetts v. U.S. Dep’t of Health & Human Servs., 682 F.3d 1, 8 (1st Cir.2012) (rejecting the idea that Romer or Latwence require states to permit same-gender marriage and that the Supreme Court has repudiated Baker).
Because I have not persuaded the panel, I proceed to analyze the remaining issues.
B. Equal Protection-Gender Discrimination
Plaintiffs argue that defining marriage to exclude same-gender unions is based upon gender stereotyping where “the law presumed women to be legally, socially, and financially dependent upon men.” Aplee. Br. at 55-63. But this case involves no disparate treatment based upon gender that might invite intermediate scrutiny. See Craig, 429 U.S. at 197, 97 S.Ct. 451 (such scrutiny requires that the law be substantially related to furthering important governmental interests). Utah’s constitutional and statutory provisions, Utah Const. art. I, § 29 and Utah Code §§ 30-1-2(5), 30-1-4.1, enacted in 1977 and 2004, simply define marriage as the legal union of a man and a woman and do not recognize any other domestic union, i.e., same-gender marriage. They apply to same-gender male couples and same-gender female couples alike.
Disparate treatment of men and women as a class is an essential element of an equal protection, gender discrimination claim. See United States v. Virginia, 518 U.S. 515, 519-20, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996) (women excluded from attending VMI); Miss. Univ. for Women v. Hogan, 458 U.S. 718, 719-23, 102 S.Ct. 3331, 73 L.Ed.2d 1090 (1982) (men excluded from attending nursing school); Craig, 429 U.S. at 191-92, 97 S.Ct. 451 (women allowed to buy beer at younger age than men); Frontiero, 411 U.S. at 678-79, 93 S.Ct. 1764 (women seeking military benefits required to demonstrate the spouse’s economic dependency, but not requiring the same of men); Reed v. Reed, 404 U.S. 71, 72-73, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) (automatic preference for men over women for estate administration). Plaintiffs cannot show that either gender as a class is disadvantaged by the Utah provisions defining marriage.
C. Equal Protection-Sexual Orientation
Plaintiffs argue that defining marriage to exclude same-gender unions is a form of sexual orientation discrimination triggering heightened scrutiny. Aplee. Br. at 48-55. The Supreme Court has yet to decide the level of scrutiny attendant to classifications based upon sexual orientation, see Windsor, 133 S.Ct. at 2683-84, but this court has rejected heightened scrutiny, see Price-Cornelison v. Brooks, 524 F.3d 1103, 1113 n. 9 (10th Cir.2008); Walmer v. U.S. Dep’t of Defense, 52 F.3d 851, 854 (10th Cir.1995); Jantz v. Mud, 976 F.2d 623, 630 (10th Cir.1992). Although Plaintiffs argue that our precedent does not justify such a position, one panel of this court may not overrule another absent superseding en banc review or a Supreme Court decision invalidating our precedent. Rezaq v. Nalley, 677 F.3d 1001, 1012 n. 5 (10th Cir.2012). Neither has occurred here.
*1234 D. Due Process-Fundamental Right
The Plaintiffs contend that they are not relying upon a fundamental right to same-gender marriage, but instead a fundamental right to marriage simpliciter. Aplee. Br. at 16, 33-39. They contend that freedom to marry is self-defining and without reference to those who assert it or have been excluded from it. Id. at 34. Of course, the difficulty with this is that marriage does not exist in a vacuum; it is a public institution, and states have the right to regulate it. That right necessarily encompasses the right to limit marriage and decline to recognize marriages which would be prohibited; were the rule as the Plaintiffs contend, that marriage is a freestanding right, Utah’s prohibition on bigamy would be an invalid restriction, see Utah Const. art. III; see also Utah Code §§ 30-1-2(1) (bigamy), 30-1-4(1) (non-recognition of such marriages solemnized elsewhere), 76-7-101 (criminalizing bigamy), 76-7-101.5 (criminalizing child bigamy). That proposition has been soundly rejected. Reynolds v. U.S., 98 U.S. 145, 166-67, 8 Otto 145, 25 L.Ed. 244 (1878); Bronson v. Swensen, 500 F.3d 1099, 1105-1106 (10th Cir.2007); see also Paris Adult Theatre I v. Slaton, 413 U.S. 49, 68 n. 15, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). Likewise, were marriage a freestanding right without reference to the parties, Utah would be hard-pressed to prohibit marriages for minors under 15 and impose conditions for other minors. Utah Code §§ 30-1-2(3), 30-1-9.
As noted, the Court has recognized a fundamental right to marriage protected by substantive due process. Turner, 482 U.S. at 94, 107 S.Ct. 2254; Zablocki, 434 U.S. at 384-86, 98 S.Ct. 673; Loving, 388 U.S. at 12, 87 S.Ct. 1817. As such, restrictions on the right are subject to strict scrutiny: they must be narrowly tailored to further compelling state interests. Zablocki, 434 U.S. at 388, 98 S.Ct. 673; Loving, 388 U.S. at 11-12, 87 S.Ct. 1817. But it is a stretch to cast those cases in support of a fundamental right to same-gender marriage.
Here’s why. First, same-gender marriage is a very recent phenomenon; for centuries “marriage” has been universally understood to require two persons of opposite gender. Windsor, 133 S.Ct. at 2689. Indeed, this case is better understood as an effort to extend marriage to persons of the same gender by redefining marriage. Second, nothing suggests that the term “marriage” as used in those cases had any meaning other than what was commonly understood for centuries. Courts do not decide what is not before them. That the Court did not refer to a “right to interracial marriage,” or a “right to inmate marriage” cannot obscure what was decided; the Supreme Court announced a right with objective meaning and contours. Third, given the ephemeral nature of substantive due process, recognition of fundamental rights requires a right deeply rooted in United States history and tradition, and a careful and precise definition of the right at issue. Washington v. Glucksberg, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). Thus, contrary to Plaintiffs’ contention, Aplee. Br. at 34 n.5, it is entirely appropriate for the State to characterize the right sought as one of “same-gender marriage” and focus attention on its recent development. Perhaps someday same-gender marriage will become part of this country’s history and tradition, but that is not a choice this court should make.
Much of this court’s opinion is dedicated to finding otherwise by separating marriage from procreation and expounding on how other substantive due process and privacy concepts, including personal autonomy, dignity, family relationships, reproductive rights, and the like, are the antecedents and complements of same-gender *1235 marriage. But we should be reluctant to announce a fundamental right by implication. Not only is that beyond our power, it is completely arbitrary and impractical; as in this case, a state should be allowed to adopt change if desired and implement it. As these proceedings demonstrate, the State has a much better handle on what statutory and administrative provisions are involved, and what is necessary to implement change, than we do.
Nothing in the Court’s trilogy of cases, Romer, Lawrence, or Windsor, points to a different result. Though the cases may afford constitutional protection for certain “moral and sexual choices” of same gender couples, Windsor, 138 S.Ct. at 2694, they simply have not created a fundamental right to same-gender marriage, let alone heightened scrutiny for any provision which may be implicated. Romer is an equal protection case invalidating a Colorado constitutional provision which effected a “[s]weeping and comprehensive change” in the law by permanently withdrawing and barring antidiscrimination protections against this particular group. 517 U.S. at 627, 116 S.Ct. 1620; see Price-Cornelison, 524 F.3d at 1113 n. 9 (noting that Romer used a rational basis test). Lawrence also is 'an equal protection case that invalidated a Texas statute proscribing only same-gender sexual contact, no matter whether private and consensual, because the provision furthered no legitimate state interest. 539 U.S. at 578, 123 S.Ct. 2472; id. at 581-83, 123 S.Ct. 2472 (O’Connor, J., concurring); Seegmiller v. LaVerkin City, 528 F.3d 762, 771 (10th Cir.2008) (noting that Lawrence did not announce a fundamental right to private, consensual sexual activity as it was decided on rational basis review).
Plaintiffs suggest that Lawrence should frame the inquiry as a right to marry rather than a right to same-gender marriage. To be sure, the Court recognized that criminalizing private, consensual conduct for one group interfered with personal autonomy, but the Court expressly disclaimed entering the same-gender union fray. See Lawrence, 539 U.S. at 578, 123 S.Ct. 2472; id. at 585, 123 S.Ct. 2472 (O’Connor, J., concurring) (noting that “preserving the traditional institution of marriage” would be a legitimate state interest beyond moral disapproval). Moreover, as discussed above, numerous restrictions are already imposed on marriage. It cannot be evaluated devoid of context.
While Windsor is the only Supreme Court case concerning same-gender marriage, it simply did not decide the issue of state prohibitions on same-gender marriages; instead, it concentrated on same-gender marriages already authorized by state law. Windsor, 133 S.Ct. at 2696. It certainly did not require every state to extend marriage to same-gender couples, regardless of the contrary views of the electorate and their representatives. After Windsor, a state remains free (consistent with federal law and comity) to not recognize such marriages. 28 U.S.C. § 1738C. Windsor protected valid same-gender, state law marriages based on federalism concerns, as well as Fifth Amendment due process and implied equal protection concerns. Id. at 2695. As in Lawrence, the Court employed an equal protection construct in determining that “no legitimate purpose” could justify DOMA’s unequal treatment of same-gender marriages already authorized by state law. Id. at 2693, 2696. Given an unusual federal intrusion into state authority, the Court analyzed the nature, purpose, and effect of the federal law, alert for discrimination of “unusual character.” Id. at 2693.
Windsor did not create a fundamental right to same-gender marriage. To the contrary, Windsor recognized the authority of the States to redefine marriage and *1236 stressed the need for popular consensus in making such change. Id. at 2692. Consistent with federalism, state policies concerning domestic relations and marriage will vary. Id. at 2691. Traditionally, the federal government has deferred to those policies, including the definition of marriage. Id. at 2691, 2693. Courts should follow suit.
Plaintiffs argue that Windsor dictates the outcome here because we need only look to the purpose and effect of the Utah constitutional amendment defining marriage and not recognizing any other union. But this case does not involve interference with traditional state prerogatives so it is questionable whether such a directive from Windsor applies. If it does, Plaintiffs draw only one conclusion: the provision is designed to impose inequality on same-gender couples and their children. Aplt. Br. at 39-48. But DOMA is an outlier. It was unique in not deferring to the States’ power to define marriage and instead interfering with the legal effect (or “equal dignity”) of those marriages. In this case, Utah seeks to preserve the status quo and the right of the people to decide this issue.
Not surprisingly, the district court resisted a finding of animus. Kitchen, 961 F.Supp.2d at 1209. That was undoubtedly correct. The Plaintiffs’ one-sided formulation ignores the obvious and real concern that this issue generates both on the merits and procedurally. Nearly everyone is or has been affected from birth by the presence or absence of marriage. In any event, this record hardly reflects “a bare ... desire to harm a politically unpopular group.” U.S. Dep’t of Agric. v. Moreno, 413 U.S. 528, 534-35, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973). In addition to statements for and against, the Utah legislature’s impartial analysis discussed federal constitutional implications. Aplt.App. at 34-48. The power of judicial review is strong medicine, and we should be reluctant to invalidate state constitutional or legislative enactments based upon motive. Rather, it is only an evident and “inevitable unconstitutional effect” that warrants such treatment. United States v. O’Brien, 391 U.S. 367, 385, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).
E. Equal Protection-Rational Basis
Plaintiffs contend and the district court so found that the provisions cannot be sustained under rational basis review. Kitchen, 961 F.Supp.2d at 1210-15. The State offered several rationales including (1) encouraging responsible procreation given the unique ability of opposite-gender couples to conceive, (2) effective parenting to benefit the offspring, and (3) proceeding with caution insofar as altering and expanding the definition of marriage. The district court rejected these rationales based on a lack of evidence and/or a lack of a rational connection between excluding same-gender couples from marriage and the asserted justification.[2]
*1237 Equal protection “is essentially a direction that all persons similarly situated should be treated alike.” City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Given the provisions in this case, we should look at the definition of marriage and the exclusion of same-gender couples and inquire whether “the classification ... is rationally related to a legitimate state interest.” Id. at 440, 105 S.Ct. 3249.
To the extent the district court thought that the State had any obligation to produce evidence, surely it was incorrect. Vance v. Bradley, 440 U.S. 93, 110-11, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Though the State is not precluded from relying upon evidence, rational basis analysis is a legal inquiry. See Id. at 111-112, 99 S.Ct. 939; see also United States R.R. Ret. Bd. v. Fritz, 449 U.S. 166, 175-77, 179, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). The district court seems to have misunderstood the essence of rational basis review: extreme deference, the hallmark of judicial restraint. United States v. Alvarez, — U.S. -, 132 S.Ct. 2537, 2552, 183 L.Ed.2d 574 (2012) (Breyer, J., concurring); Fed. Commc’n Comm’n v. Beach Commc’ns, 508 U.S. 307, 314, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). The State could rely upon any plausible reason and contend that the classification might arguably advance that reason. Armour v. City of Indianapolis, — U.S. -, 132 S.Ct. 2073, 2080-81, 182 L.Ed.2d 998 (2012).` Plaintiffs had the burden of refuting all plausible reasons for the challenged amendment and statutes. See Vance, 440 U.S. at 111, 99 S.Ct. 939.
Whether a reason actually motivated the electorate or the legislature is irrelevant; neither is required to state its reason for a choice. See Fritz, 449 U.S. at 179, 101 S.Ct. 453. Legislative choices involve line-drawing, and the fact that such line-drawing may result in some inequity is not determinative. See Heller v. Doe, 509 U.S. 312, 321, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Accordingly, an enactment may be over-inclusive and/or under-inclusive yet still have a rational basis. The fact that the classification could be improved or is ill-advised is not enough to invalidate it; the political process is responsible for remedying perceived problems. City of Cleburne, 473 U.S. at 440, 105 S.Ct. 3249 (“The Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes.”).
Judged against these standards, Utah should prevail on a rational basis analysis. Plaintiffs have not overcome their “heavy burden” of demonstrating that the provisions are “arbitrary and irrational,” that no electorate or legislature could reasonably believe the underlying legislative facts to be true. See Kadrmas v. Dickinson Pub. Schs., 487 U.S. 450, 463, 465, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988). It is biologically undeniable that opposite-gen *1238 der marriage has a procreative potential that same-gender marriage lacks. The inherent differences between the biological sexes are permissible legislative considerations, and indeed distinguish gender from those classifications that warrant strict scrutiny. See United, States v. Virginia, 518 U.S. 515, 533, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996). In Nguyen v. I.N.S., for example, the Court upheld a legislative scheme imposing more onerous burdens on unwed fathers than unwed mothers to prove the citizenship of their foreign-born children because of the opportunity for mothers to develop a relationship with their child at childbirth. 533 U.S. 53, 56-59, 121 S.Ct. 2053, 150 L.Ed.2d 115 (2001). The Court recognized important government interests in ensuring both a biological relationship between the citizen and the child and an opportunity to develop a meaningful parent-child relationship. Id. at 62-65, 121 S.Ct. 2053. The Court stressed the government’s critically important “interest in ensuring some opportunity for a tie between citizen father and foreign born child” as a proxy for the opportunity for connection childbirth affords the mother. Id. at 66, 121 S.Ct. 2053. Nguyen suggests that when it comes to procreation, gender can be considered and that biological relationships are significant interests.
Nor is the State precluded from considering procreation in regulating marriage. Merely because the Court has discussed marriage as a fundamental right apart from procreation or other rights including contraception, child rearing, and education does not suggest that the link between marriage and procreation may not be considered when the State regulates marriage. The Court’s listing of various rights from time to time is intended to be illustrative of cases upholding a right of privacy, ensuring that certain personal decisions might be made “without unjustified government interference.” Carey v. Population Servs. Int’l, 431 U.S. 678, 684-85, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977). Indeed, it is difficult to separate marriage from procreation considering the State’s interest in regulating both. Even in Turner, where the Court discussed marriage as a fundamental right for inmates based upon other advantages of marriage, the Court explained that “most inmate marriages are formed in the expectation that they will ultimately be fully consummated” and mentioned the advantage of “legitimation of children born out of wedlock.” 482 U.S. at 96, 107 S.Ct. 2254. It goes without saying that there are procreative and personal dimensions of marriage, but a state may place greater emphasis on one or the other as it regulates marriage without violating the Fourteenth Amendment.[3]
It is also undeniable that the State has an important interest in ensuring the well-being of resulting offspring, be they planned or unplanned. To that end, the State can offer marriage and its benefits to encourage unmarried parents to marry and married parents to remain so. Thus, the State could seek to limit the marriage benefit to opposite-gender couples completely apart from history and tradition. Far more opposite-gender couples will produce and care for children than same-gender couples and perpetuation of the species depends upon procreation. Con *1239 sistent with the greatest good for the greatest number, the State could rationally and sincerely believe that children are best raised by two parents of opposite gender (including their biological parents) and that the present arrangement provides the best incentive for that outcome. Accordingly, the State could seek to preserve the clarity of what marriage represents and not extend it.
Of course, other states may disagree. And it is always possible to argue that there are exceptions. But on this issue we should defer. To be sure, the constant refrain in these cases has been that the States’ justifications are not advanced by excluding same-gender couples from marriage. But that is a matter of opinion; any “improvement” on the classification should be left to the state political process.
At the very least, same-gender marriage is a new social phenomenon with unknown outcomes and the State could choose to exercise caution. Utah’s justifications for not extending marriage to include same-gender couples are not irrefutable. But they don’t need to be; they need only be based upon “any reasonably conceivable state of facts.” Beach Commc’ns, 508 U.S. at 313, 113 S.Ct. 2096. In conducting this analysis, we must defer to the predictive judgments of the electorate and the legislature and those judgments need not be based upon complete, empirical evidence. See Turner Broadcasting System, Inc. v. Fed. Commc’n Comm’n, 512 U.S. 622, 66-66, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994).
No matter how many times we are reminded that (1) procreative ability and effective parenting are not prerequisites to opposite-gender marriage (exclusion of same-gender couples is under-inclusive), (2) it is doubtful that the behavior of opposite-gender couples is affected by same-gender marriage (lack of evidence), (3) the evidence is equivocal concerning the effects of gender diversity on parenting (lack of evidence) and (4) the present scheme disadvantages the children of same-gender couples (exclusion is over-inclusive),[4] the State’s classification does not need to be perfect. It can be under-inclusive and over-inclusive and need only arguably serve the justifications urged by the State. It arguably does.
That the Constitution does not compel the State to recognize same-gender marriages within its own borders demonstrates a fortiori that it need not recognize those solemnized without. Unlike the federal government in Windsor, a state has the “historic and essential authority to define the marital relation” as applied to its residents and citizens. Windsor, 133 S.Ct. at 2691-92. To that end, Utah has the authority to decline to recognize valid marriages from other states that are inconsistent with its public policy choices. See In re Vetas’ Estate, 110 Utah 187, 170 P.2d 183, 187 (1946) (declining to recognize foreign common law marriage when such marriages were not recognized by Utah) (superseded by statute as stated in Whyte v. Blair, 885 P.2d 791, 793 (Utah 1994)). *1240 To conclude otherwise would nationalize the regulation of marriage, thereby forcing each state “to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate.” Baker by Thomas v. Gen. Motors Corp., 522 U.S. 222, 232, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). Such a result runs in direct contravention of the law of comity between states and its uncontroversial corollary that marriage laws necessarily vary from state to state. Windsor, 133 S.Ct. at 2691.
The State has satisfied its burden on rational basis review. One only need consider the reams of sociological evidence urged by the parties and the scores of amicus briefs on either side to know that the State’s position is (at the very least) arguable. It most certainly is not arbitrary, irrational, or based upon legislative facts that no electorate or legislature could conceivably believe. Though the Plaintiffs would weigh the interests of the State differently and discount the procreation, child-rearing, and caution rationales, that prerogative belongs to the electorate and their representatives. Or as the Court recently stated:
The respondents in this case insist that a difficult question of public policy must be taken from the reach of the voters, and thus removed from the realm of public discussion, dialogue, and debate in an election campaign. Quite in addition to the serious First Amendment implications of that position with respect to any particular election, it is inconsistent with the underlying premises of a responsible, functioning democracy.
Schuette v. Coalition to Defend Affirmative Action, — U.S. -, 134 S.Ct. 1623, 1637, 188 L.Ed.2d 613 (2014) (plurality opinion). We should resist the temptation to become philosopher-kings, imposing our views under the guise of constitutional interpretation of the Fourteenth Amendment.
APPENDIX A
27 SCHOLARS OF FEDERALISM AND JUDICIAL RESTRAINT
Attorneys on the Brief: Anthony T. Caso, John C. Eastman, D. John Sauer
46 EMPLOYERS AND ORGANIZATIONS REPRESENTING EMPLOYERS
Attorneys on the Brief: Meghan Bailey, Susan Baker Manning, John V. McDer-mott, Lauren Schmidt, Margaret Sheer, Michael Louis Whitlock
93 INDIVIDUAL FAITH LEADERS IN OKLAHOMA AND UTAH
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
9T05, NATIONAL ASSOCIATION OF WORKING WOMEN
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
ACLU OF OKLAHOMA
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
ACLU OF UTAH
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
AFFIRMATION
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
ALL SOULS UNITARIAN CHURCH OF TULSA
*1241 Attorneys on the Brief: Kurt M. Denk, Jasoñ M. Moff, Norman C. Simon, Jeffrey S. Trachtman
ALLEN, DOUGLAS W.
Attorneys on the Brief: David C. Walker
ALLIANCE FOR A BETTER UTAH
Attorneys on the Brief: Courtney Bowman, Sarah Kroll-Rosenbaum, Shawn Scott Ledingham
ALVARÉ, HELEN M.
Attorneys on the Brief: Richard D. White
AMBROSE, DOUGLAS
Attorneys on the Brief: Frank D. Mylar
APPENDIX A
AMERICAN CIVIL LIBERTIES UNION
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
AMERICAN LEADERSHIP FUND
Attorneys on the Brief: Frank D. Mylar
AMERICAN MILITARY PARTNER ASSOCIATION
Attorneys on the Brief: Abbe David Lowell, Christopher Dowden Man
AMERICAN PSYCHOLOGICAL ASSOCIATION
Attorneys on the Brief: Nathalie F.P. Gilfoyle, Paul March Smith
AMERICAN SOCIOLOGICAL ASSOCIATION
Attorneys on the Brief: Carmine D. Boccuzzi, Jr., Mark A. Lightner, Andrew P. Meiser, Andra Troy
AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
ANDERSON, JANNA
Attorneys on the Brief: Dani Hartvig-sen
ANDERSON, RYAN
Attorneys on the Brief: Michael Francis Smith
ANTI-DEFAMATION LEAGUE
Attorneys on the Brief: Michelle Deutchman, Steven M. Freeman, Seth M. Marnin, Rocky Chiu-feng Tsai
API EQUALITY-LA
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
ASIAN AMERICANS ADVANCING JUSTICE, ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
ASIAN AMERICANS ADVANCING JUSTICE-CHICAGO
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
APPENDIX A
AUSTIN LGBT BAR ASSOCIATION
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
BAR ASSOCIATION OF SAN FRANCISCO
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
BARDAGLIO, PETER
*1242 Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
BASCH, NORMA
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
BAY AREA LAWYERS FOR INDIVIDUAL FREEDOM
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
BECKET FUND FOR RELIGIOUS LIBERTY
Attorneys on the Brief: Eric C. Rass-bach, Asma Uddin
BELTRAN, LYNN
Attorneys on the Brief Jacob Harris Hupart, Jaren Janghorbani, Roberta A. Kaplan, Joshua Kaye, Alan B. Morrison
BELZ, HERMAN
Attorneys on the Brief Frank D. Mylar
BEND THE ARC: A JEWISH PARTNERSHIP FOR JUSTICE
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
BENNE, ROBERT D.
Attorneys on the Brief Frank D. Mylar
BOYLE, DAVID
Attorneys on the Brief: David Boyle
CALIFORNIA
Attorneys on the Brief: Kamala D. Harris, Peter Sacks
CARBADO, DEVON
Attorneys on the Brief Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
APPENDIX A
CARLSON, ALLAN C.
Attorneys on the Brief: Frank D. Mylar
CARROLL, JASON S.
Attorneys on the Brief Lynn Dennis Wardle
CATHEDRAL OF HOPE OF OKLAHOMA CITY
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
CATO INSTITUTE
Attorneys on the Brief: Ilya Shapiro, Elizabeth B. Wydra
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
Attorneys on the Brief: Anthony T. Caso, John C. Eastman, D. John Sauer
CENTRAL CONFERENCE OF AMERICAN RABBIS
Attorneys on the Brief: Samual P. Biek-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
CHILDREN’S CENTER OF SALT LAKE CITY
Attorneys on the Brief: Christy L. Anderson, Sarah Elizabeth April, Kathryn R. DeBord, Stephen D. Gurr
CHRISTENSEN, LAVAR
Attorneys on the Brief: Robert Theron Smith
CHURCH OF THE OPEN ARMS OF OKLAHOMA CITY .
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
CHURCH OF THE RESTORATION OF TULSA
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
CIMARRON ALLIANCE
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R.
*1243 Henderson, Ryan D. Kiesel, John M. Mejia
COLAGE
Attorneys on the Brief: Christy L. Anderson, Sarah Elizabeth April, Kathryn R. DeBord, Stephen D. Gurr
APPENDIX A
COLORADO GAY LESBIAN BISEXUAL TRANSGENDER (GLBT) BAR ASSOCIATION
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
COLORADO WOMEN’S BAR ASSOCIATION
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
CONCERNED WOMEN FOR AMERICA
Attorneys on the Brief: Steven W. Fit-schen
CONGREGATION KOLAMI OF SALT LAKE CITY
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
CONKLE, DANIEL 0.
Attorneys on the Brief: Brett Gilbert Scharffs
CONNECTICUT
Attorneys on the Brief: George Jepsen, Peter Sacks
CONSTITUTIONAL ACCOUNTABILITY CENTER
Attorneys on the Brief: Ilya Shapiro, Elizabeth B. Wydra
CONSTITUTIONAL LAW SCHOLARS
Attorneys on the Brief: Lori Ann Alvino McGill, Geoffrey R. Stone
COONTZ, STEPHANIE
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
COTT, NANCY
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
COVENANT NETWORK OF PRESBYTERIANS
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
COX, DUANE MORLEY
Attorneys on the Brief: Duane Morley Cox
APPENDIX A
CURTIS, G.M.
Attorneys on the Brief: Frank D. Mylar DELAWARE
Attorneys on the Brief: Joseph R. Biden III, Peter Sacks
DISTRICT OF COLUMBIA
Attorneys on the Brief: Irvin B. Nathan, Peter Sacks
DITZ, TOBY L.
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
DOLOVICH, SHARON
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
DUBLER, ARIELA R.
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND
Attorneys on the Brief: Lawrence John Joseph
EDWARDS, LAURA F.
*1244 Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
EGGEBEEN, DAVID J.
Attorneys on the Brief: David C. Walker
EIGHTY ONE UTAH STATE LEGISLATORS
Attorneys on the Brief: Robert Theron Smith
EMERSON, MICHAEL 0.
Attorneys on the Brief: Frank D. Mylar
EPISCOPAL DIOCESE OF UTAH
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
APPENDIX A
EPWORTH UNITED METHODIST CHURCH OF OKLAHOMA CITY
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
EQUAL RIGHTS ADVOCATES
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
EQUALITY UTAH
Attorneys on the Brief: Troy L. Booher, Clifford J. Rosky, Noella A. Sudbury, Michael D. Zimmerman
FAMILY EQUALITY COUNCIL
Attorneys on the Brief: Christy L. Anderson, Sarah Elizabeth April, Kathryn R. DeBord, Stephen D. Gurr
FAMILY LAW AND CONFLICT OF LAWS PROFESSORS
Attorneys on the Brief: Marjory A. Gentry, Joanna L. Grossman, John S. Throckmorton
FAMILY LAW PROFESSORS
Attorneys on the Brief: Rita F. Lin, Laura W. Weissbein
FAMILY RESEARCH COUNCIL
Attorneys on the Brief: Paul Benjamin Linton
FELLOWSHIP CONGREGATIONAL UNITED CHURCH OF CHRIST OF TULSA
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
FIRST UNITARIAN CHURCH OF OKLAHOMA CITY
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
FLUKE, CHARLES
Attorneys on the Brief: Jacob Harris Hupart, Jaren Janghorbani, Roberta A. Kaplan, Joshua Kaye, Alan B. Morrison
FREEDOM TO MARRY
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
APPENDIX A
FRIENDS FOR LESBIAN, GAY, BISEXUAL, TRANSGENDER, AND QUEER CONCERNS
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
GAY & LESBIAN ADVOCATES & DEFENDERS
Attorneys on the Brief: Felicia H. Ells-worth, Mark C. Fleming, Leah M. Lit-man, Dina Bernick Mishra, Kenneth Lee Salazar, Alan E. Schoenfeld, Paul Rein-herz Wolfson
GEORGE, ROBERT P.
Attorneys on the Brief: Michael Francis Smith
GEORGE, TIMOTHY
*1245 Attorneys on the Brief: Frank D. Mylar GIRGIS, SHERIF
Attorneys on the Brief: Michael Francis Smith
GLMA: HEALTH PROFESSIONALS ADVANCING LGBT EQUALITY
Attorneys on the Brief: Nicholas M. O’Donnell
GROSSBERG, MICHAEL
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
HADASSAH, THE WOMEN’S ZIONIST ORGANIZATION OF AMERICA, INC.
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
HARTOG, HENDRIK
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
HAWKINS, ALAN J.
Attorneys on the Brief: David C. Walker
HAYASHI, SCOTT
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
APPENDIX A
HERMAN, ELLEN
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
HINDU AMERICAN FOUNDATION
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
HISPANIC NATIONAL BAR ASSOCIATION
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R.
Henderson, Ryan D. Kiesel, John M. Mejia
HISTORIANS OF ANTIGAY DISCRIMINATION
Attorneys on the Brief: Katie D. Fair-child, Madeline H. Gitomer, Jessica Black Livingston, Katherine A. Nelson, Aaron M. Paul, Erica Knievel Songer, Catherine E. Stetson
HODES, MARTHA
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
HOWARD UNIVERSITY SCHOOL OF LAW CIVIL RIGHTS CLINIC
Attorneys on the Brief: David Scott Flugman
HUMAN RIGHTS CAMPAIGN
Attorneys on the Brief, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
HUNTER, NAN D.
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
ILLINOIS
Attorneys on the Brief: Lisa Madigan, Peter Sacks
INSTITUTE FOR MARRIAGE AND PUBLIC POLICY
Attorneys on the Brief: Jennifer L. Bursch
INTERFAITH ALLIANCE FOUNDATION
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
APPENDIX A
INTERFAITH ALLIANCE OF COLORADO
*1246 Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
IOWA
Attorneys on the Brief: Tom Miller, Peter Sacks
JAMES, HAROLD
Attorneys on the Brief: Frank D. Mylar
JAPANESE AMERICAN CITIZENS LEAGUE
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
JEWISH SOCIAL POLICY ACTION NETWORK
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
JOHNSON, BYRON R.
Attorneys on the Brief: David C. Walker
JUSTICE, STEVEN
Attorneys on the Brief: Frank D. Mylar
KERBER, LINDA K.
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
KESHET
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
KESSLER-HARRIS, ALICE
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
KOONS, ROBERT C.
Attorneys on the Brief: Frank D. Mylar
KURTZ, STANLEY
Attorneys on the Brief: Frank D. Mylar
APPENDIX A
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
Attorneys on the Brief: Jennifer C. Pizer, Susan Sommer, Camilla Taylor, Kenneth D. Upton
LEADERSHIP CONFERENCE ON CIVIL AND HUMAN RIGHTS
Attorneys on the Brief, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
LEGAL MOMENTUM
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
LEGAL-VOICE
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
LGBT & ALLIED LAWYERS OF UTAH BAR ASSOCIATION
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
LIBERTY COUNSEL, INC.
Attorneys on the Brief: Anita Staver, Mathew D. Staver
LITTLETON, CHRISTINE A.
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
LOPEZ, ROBERT OSCAR
Attorneys on the Brief: Dani Hartvig-sen
LOVE HONOR CHERISH
Attorneys on the■ Brief: Nicole Susan Phillis, Jerome Cary Roth
LUTHERAN CHURCH-MISSOURI SYNOD
Attorneys on the Brief: Alexander Dushku, Richard Shawn Gunnarson, Anthony R. Picarello, Justin W. Starr
MAINE
Attorneys on the Brief: Janet T. Mills, Peter Sacks
MAINWARING, DOUG
*1247 Attorneys on the Brief: Dani Hartvig-sen
APPENDIX A
MARRIAGE EQUALITY USA
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
MARYLAND
Attorneys on the Brief: Douglas F. Gan-sler, Peter Sacks
MASSACHUSETTS
Attorneys on the Brief: Martha Coak-ley, Michelle L. Leung, Jonathan B. Miller, Genevieve C. Nadeau, Peter Sacks
MAY, ELAINE TYLER
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
MAYERI, SERENA
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
MAYFLOWER CONGREGATIONAL UNITED CHURCH OF CHRIST OF OKLAHOMA CITY
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Traehtman
McDermott, gerald r.
Attorneys on the Brief: Frank D. Mylar
McHUGH, PAUL
Attorneys on the Bñef: Gerard Vincent Bradley, Kevin Trent Snider
McIFF, KAY
Attorneys on the Brief: Robert Theron Smith
METHODIST FEDERATION FOR SOCIAL ACTION
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Traehtman
METROPOLITAN COMMUNITY CHURCHES
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
MINNESOTA LAVENDER BAR ASSOCIATION
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
APPENDIX A
MINTZ, STEVE
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
MOORE, RUSSELL
Attorneys on the Brief: Frank D. Mylar
MORE LIGHT PRESBYTERIANS
Attorneys on the Brief: Samual P. Bick-ett, Kurt M. Denk, Rebecca Harlow, Idin Kashefipour, Jason M. Moff, Norman C. Simon, Jeffrey S. Traehtman, Rocky Chiu-feng Tsai
MORMONS FOR EQUALITY
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Traehtman
MT. TABOR LUTHERAN CHURCH OF SALT LAKE CITY
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Traehtman
NAACP SALT LAKE BRANCH & NAACP TRI STATE CONFERENCE OF IDAHO, NEVADA AND UTAH
Attorneys on the Brief: Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John M. Mejia
NATIONAL ACTION NETWORK
Attorneys on the Brief, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
NATIONAL ASIAN PACIFIC AMERICA BAR ASSOCIATION
*1248 Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
NATIONAL ASSOCIATION FOR RESEARCH AND THERAPY OF HOMOSEXUALITY
Attorneys on the Brief: Stephen M. Crampton, Mary Elizabeth McAlister
NATIONAL ASSOCIATION OF EVANGELICALS
Attorneys on the Brief: Alexander Dushku, Richard Shawn Gunnarson, Anthony R. Picarello, Justin W. Starr
NATIONAL ASSOCIATION OF WOMEN LAWYERS
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
APPENDIX A
NATIONAL COUNCIL OF JEWISH WOMEN
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
NATIONAL COUNCIL OF LA RAZA
Attorneys on the Brief:, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
NATIONAL GAY AND LESBIAN TASK FORCE
Attorneys on the Brief, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
NATIONAL ORGANIZATION FOR WOMEN FOUNDATION
Attorneys on the Brief, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
NATIONAL PARTNERSHIP FOR WOMEN AND FAMILIES
Attorneys on the Brief Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
NATIONAL WOMEN’S LAW CENTER
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
NEHIRIM
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
NELSON, MERRILL
Attorneys on the Brief Robert Theron Smith
NERO, NICHOLAS
Attorneys on the Brief: Jacob Harris Hupart, Jaren Janghorbani, Roberta A. Kaplan, Joshua Kaye, Alan B. Morrison
NEW HAMPSHIRE
Attorneys on the Brief: Joseph A. Foster, Peter Sacks
NEW MEXICO
Attorneys on the Brief: Gary K. King, Peter Sacks
NEW MEXICO LESBIAN AND GAY LAWYERS ASSOCIATION
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
APPENDIX A
NEW YORK
Attorneys on the Brief: Peter Sacks, Eric T. Schneiderman
NEWMAN, ALANA
Attorneys on the Brief: Dani Hartvig-sen
O’GRADY, CLAUDIA
Attorneys on the Brief: Jacob Harris Hupart, Jaren Janghorbani, Roberta A. Kaplan, Joshua Kaye, Alan B. Morrison
OKLAHOMA CITY UNIVERSITY SCHOOL OF LAW OUTLAWS
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
OKLAHOMANS FOR EQUALITY
*1249 Attorneys on the Brief:, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
OREGON
Attorneys on the Brief: Ellen F. Rosen-blum, Peter Sacks
OUTSERVE-SLDN
Attorneys on the Brief: Abbe David Lowell, Christopher Dowden Man
PAKALUK, CATHERINE R.
Attorneys on the Brief: David C. Walker
PAQUETTE, ROBERT
Attorneys on the Brief: Frank D. Mylar
PARENTS AND FRIENDS OF EX-GAYS & GAYS
Attorneys on the Brief: Arthur Andrew Schulcz, Jr.
PARENTS, FAMILIES AND FRIENDS OF LESBIANS AND GAYS, INC.
Attorneys on the Brief: Andrew John Davis, Jiyun Cameron Lee
PEOPLE FOR THE AMERICAN WAY FOUNDATION
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
PERRY, MICHAEL J.
Attorneys on the Brief: Brett Gilbert Scharffs
APPENDIX A
PLECK, ELIZABETH
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
POLIKOFF, NANCY
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
PRESBYTERIAN WELCOME
Attorneys on the Brief: Samual P. Biek-ett, Kurt M. Denk, Rebecca Harlow, Idin Kashefipour, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman, Rocky Chiu-feng Tsai
PRICE, JOSEPH
Attorneys on the Brief: David C. Walker
PUBLIC ADVOCATES, INC.
Attorneys on the Brief:, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
QLAW-THE GLBT BAR ASSOCIATION OF WASHINGTON
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
RAHE, PAUL A.
Attorneys on the Brief: Frank D. Mylar
RECONCILING MINISTRIES NETWORK
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
RECONCILINGWORKS: LUTHERANS FOR FULL PARTICIPATION
Attorneys on the Brief: Samual P. Bick-ett, Kurt M. Denk, Rebecca Harlow, Idin Kashefipour, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman, Rocky Chiu-feng Tsai
RECONSTRUCTIONIST RABBINICAL ASSOCIATION
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
RECONSTRUCTIONIST RABBINICAL COLLEGE
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
APPENDIX A
REGNERUS, MARK D.
*1250 Attorneys on the Brief: David C. Walker
RELIGIOUS INSTITUTE, INC.
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
REYNOLDS, MICHAEL A.
Attorneys on the Brief: Frank D. Mylar
RHODE ISLAND
Attorneys on the Brief: Peter F. Kil-martin, Peter Sacks ROVIG,
STANFORD
Attorneys on the Brief: Jacob Harris Hupart, Jaren Janghorbani, Roberta A. Kaplan, Joshua Kaye, Alan B. Morrison
SCHARFFS, BRETT GILBERT
Attorneys on the Brief: Brett Gilbert Scharffs
SCHULTZ, VICKI
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
SEARS, BRAD
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
SHAMMAS, CAROLE
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
SHANLEY, MARY
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
SHIFFRIN, SEANA
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
SIKH AMERICAN LEGAL DEFENSE AND EDUCATION FUND
Attorneys on the Brief: Samual P. Biek-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
APPENDIX A
SNOW, LOWRY
Attorneys on the Brief: Robert Theron Smith
SOCIETY FOR HUMANISTIC JUDAISM
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
SOUTH ASIAN AMERICANS LEADING TOGETHER
Attorneys on the Brief: Samual P. Biek-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
SOUTHWEST WOMEN’S LAW CENTER
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
ST. STEPHEN’S UNITED METHODIST CHURCH OF NORMAN, OKLAHOMA
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
STANLEY, AMY DRU
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
STATE OF ALABAMA
Attorneys on the Brief: Thomas Molnar Fisher, Luther Strange
STATE OF ALASKA
Attorneys on the Brief: Thomas Molnar Fisher, Michael C. Geraghty
STATE OF ARIZONA
Attorneys on the Brief: Thomas Molnar Fisher, Thomas C. Horne
STATE OF COLORADO
Attorneys on the Brief: Thomas Molnar Fisher, John Suthers
STATE OF IDAHO
*1251 Attorneys on the Brief: Thomas Molnar Fisher, Lawrence G. Wasden
STATE OF INDIANA
Attorneys on the Brief: Thomas Molnar Fisher, Gregory F. Zoeller
STATE OF KANSAS
Attorneys on the Brief: Jeffrey A. Cha-nay, Bryan Charles Clark
APPENDIX A
STATE OF MICHIGAN
Attorneys on the Brief: Aaron Lind-strom, Bernard Eric Restuccia, Bill Schuette
STATE OF MONTANA
Attorneys on the Brief: Thomas Molnar Fisher, Timothy C. Fox
STATE OF NEBRASKA
Attorneys on the Brief: Jon Bruning, Thomas Molnar Fisher
STATE OF OKLAHOMA
Attorneys on the Brief: Thomas Molnar Fisher, E. Scott Pruitt
STATE OF SOUTH CAROLINA
Attorneys on the Brief: Thomas Molnar Fisher, Alan Wilson
STONEWALL BAR ASSOCIATION OF GEORGIA, INC.
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
STONEWALL BAR ASSOCIATION OF MICHIGAN
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
STONEWALL LAW ASSOCIATION OF GREATER HOUSTON
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
STRAUB, D’ARCY WINSTON
Attorneys on the Brief: D’Arcy Winston Straub
THE CENTER FOR URBAN RENEWAL AND EDUCATION
Attorneys on the Brief: Stephen Kent Ehat
THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS
Attorneys on the Brief: Alexander Dushku, Richard Shawn Gunnarson, Anthony R. Picarello, Justin W. Starr
THE COALITION OF AFRICAN-AMERICAN PASTORS USA
Attorneys on the Brief: Stephen Kent Ehat
THE EQUALITY NETWORK
Attorneys on the Brief:, Joshua A. Block, Leah Farrell, Brady R. Henderson, Ryan D. Kiesel, John Mejia
APPENDIX A
THE ETHICS & RELIGIOUS LIBERTY COMMISSION OF THE SOUTHERN BAPTIST CONVENTION
Attorneys on the Brief: Alexander Dushku, Richard Shawn Gunnarson, Anthony R. Picarello, Justin W. Starr
THE FREDERICK DOUGLASS FOUNDATION, INC.
Attorneys on the Brief: Stephen Kent Ehat
THE OUTLAWS
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
THE SUTHERLAND INSTITUTE
Attorneys on the Brief: William C. Duncan
THE UTAH PSYCHOLOGICAL ASSOCIATION
Attorneys on the Brief: Nathalie F.P. Gilfoyle, Paul March Smith
THE WOMEN’S ZIONIST ORGANIZATION OF AMERICA
Attorneys on the Brief: Samuel P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
*1252 TRINITY CHRISTIAN CHURCH OF EDMOND, OKLAHOMA
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
T’RUAH: THE RABBINIC CALL FOR HUMAN RIGHTS
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
UNION FOR REFORM JUDAISM
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
UNITARIAN UNIVERSALIST ASSOCIATION
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
UNITED CHURCH OF CHRIST
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
APPENDIX A
UNITED CHURCH OF NORMAN, OKLAHOMA
Attorneys on the Brief: Kurt M. Denk, Jason M. Moff, Norman C. Simon, Jeffrey S. Trachtman
UNITED STATES CONFERENCE OF CATHOLIC BISHOPS
Attorneys on the Brief: Alexander Dushku, Richard Shawn Gunnarson, Anthony R. Picarello, Justin W. Starr
UNIVERSITY OF OKLAHOMA COLLEGE OF LAW LEGAL GROUP FOR BUILDING TOLERANCE AND ACCEPTANCE
Attorneys on the Brief: Nicole Susan Phillis, Jerome Cary Roth
UPHAM, DAVID R.
Attorneys on the Brief: David Robert Upham
UTAH COUNTIES
Attorneys on the Brief: Jared W. El-dredge, Lynn Dennis Wardle
UTAH PRIDE CENTER
Attorneys on the Brief: Troy L. Booher, Clifford J. Rosky, Noella A. Sudbury, Michael D. Zimmerman
VERMONT
Attorneys on the Brief: Peter Sacks, William H. Sorrell
VOICES FOR UTAH CHILDREN
Attorneys on the Brief: Christy L. Anderson, Sarah Elizabeth April, Kathryn R. DeBord, Stephen D. Gurr
WASHINGTON
Attorneys on the Brief: Robert W. Ferguson, Peter Sacks WELKE,
BARBARA
Attorneys on the Brief: Orly Degani, Daniel McNeel Lane, Matthew E. Pepping
WESTERN REPUBLICANS
Attorneys on the Brief: Stacy A. Carpenter, Bennett L. Cohen, Jon R. De-don, Sean Robert Gallagher
WILKEN, ROBERT LOUIS
Attorneys on the Brief: Frank D. Mylar
APPENDIX A
WINKLER, ADAM
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
WOLFE, CHRISTOPHER
Attorneys on the Brief: Frank D. Mylar
WOMEN OF REFORM JUDAISM
*1253 APPENDIX A — Continued
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
WOMEN’S LAW PROJECT
Attorneys on the Brief: Marcia D. Greenberger, Cortelyou Kenney, Emily Martin
WOMEN’S LEAGUE FOR CONSERVATIVE JUDAISM
Attorneys on the Brief: Samual P. Bick-ett, Rebecca Harlow, Idin Kashefipour, Rocky Chiu-feng Tsai
WOOD, PETER W.
Attorneys on the Brief: Frank D. Mylar
WORTHAM, DOUGLAS
Attorneys on the Brief: Jacob Harris Hupart, Jaren Janghorbani, Roberta A. Kaplan, Joshua Kaye, Alan B. Morrison

. Utah Const. art. I, § 29 and Utah Code §§ 30-1-2(5) (enacted in 1977), 30-1-4.1.

. On appeal, the State offers a different formulation: (1) "fostering a child-centric marriage culture that encourages parents to subordinate their own interests to the needs of their children,” (2) children being raised by their biological mothers and fathers — or at least by a married mother and father — in a stable home, (3) "ensuring adequate reproduction by parents willing and able to provide a high-quality home environment for their children,” and (4) accommodating religious freedom and reducing the potential for civic strife. Aplt. Br. at iii. Notwithstanding its endorsement of many similar (though more general) values in the substantive due process discussion, this court is only willing to assume (apparently without deciding) that the first three are compelling.
Be that as it may, Plaintiffs correctly point out that the fourth argument was not raised in the district court. Aplee. Br. at 81 n.26. The State responds that the district court "discussed and rejected this argument in its decision,” but the court merely made an offhand comment that religious freedom would *1237 be furthered by allowing churches to perform same-gender weddings (if they so choose). Aplee. Reply Br. at 41 n.19 (citing Kitchen, 961 F.Supp.2d at 1214). The State also argues that rational basis review is not confined to " ‘explanations of the statute’s rationality that may be offered by the litigants or other courts.’ ” Id. (quoting Kadrmas v. Dickinson Pub. Schs., 487 U.S. 450, 463, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988)). That may be, but the State as a litigant is offering an explanation that was not preserved. Finally, the State argues that appellate courts may address a waived issue in the public interest or to avoid manifest injustice. Id. We normally conduct appellate review based upon arguments raised in the district court. For those that were not, absent a full plain error argument in the opening brief, we consider such arguments waived. See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1131 (10th Cir.2011) (’’[T]he failure to argue for plain error and its application on appeal[ Jsurely marks the end of the road for an argument for reversal not first presented to the district court.”).

. These permissible considerations easily distinguish this case from Loving v. Virginia, upon which Plaintiffs rely. As opposed to the Court-approved interests furthered by the regulations here, the miscegenation law invalidated in Loving was based "upon distinctions drawn according to race,” and the law furthered only the patently impermissible pursuit of invidious discrimination (maintaining White Supremacy). 388 U.S. at 11-12, 87 S.Ct. 1817. The Court has always considered racial classifications as different than those based upon gender, or any other consideration.

. The Court’s conclusion that children raised by same-gender couples are somehow stigmatized, see Windsor, 133 S.Ct. at 2694, seems overwrought when one considers that 40.7% of children are now bom out of wedlock. See Center for Disease Control and Prevention, FastStats Homepage, available at http://www. cdc.gov/nchs/fastats/unmarried-childbearing. htm (last visited June 24, 2014). Of course, there are numerous alternative family arrangements that exist to care for these children. We should be hesitant to suggest stigma where substantial numbers of children are raised in such environments. Moreover, it is pure speculation that every two-parent household, regardless of gender, desires marriage. See Schuette v. Coalition to Defend Affirmative Action, - U.S. -, 134 S.Ct. 1623, 1634, 188 L.Ed.2d 613 (2014) (plurality opinion) (cautioning against assuming that members of the same group think alike and share the same views).